1  Brendan W. Brandt, SBN 150603
   Angelica A. Samaniego, SBN 235423
2  VARNER & BRANDT LLP
   3750 University Avenue, Suite 610
3  Riverside, CA 92501
   Telephone: (951) 274-7777
4  Facsimile: (951) 274-7770

5  Attorneys for Defendant,
   BISCOMERICA CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY BACKUS, on behalf of himself and others similarly situated, | CASE NO. 3:16-CV-03916-HSG |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| BISCOMERICA CORPORATION | DATE: September 22, 2016
TIME: 2:00 p.m.
COURTROOM: 10, 19th Floor |
| Defendant. | Complaint Filed:  July 12, 2016 |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on September 22, 2016, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 10 of the above-named Court, the Hon. Haywood S. Gilliam presiding, defendant Biscomerica Corporation will move for an order dismissing the Complaint of plaintiff, Troy Backus, pursuant to Federal *Rule of Civil Procedure* 12(b)(6), without leave to amend.

      The motion will be brought on the grounds that the Complaint fails to state a claim on which relief can be granted, in that (1) the Complaint alleges only four claims, brought under California's Unfair Competition statute found at *Business & Professions Code* § 17200, et seq., and California's nuisance statute, found at *Civil Code* § 3479, et seq., (2) all of said claims are preempted by federal law, i.e., the Food, Drug and Cosmetics Act ("FDCA"), found at 21 U.S.C.

1

**MOTION TO DISMISS COMPLAINT**

§ 301, et seq., and by the Final Determination issued by the Food and Drug Administration on June 17, 2015, and the Consolidated Appropriation Act of December 18, 2015, (3) plaintiff has failed to allege facts to support his claim for nuisance, (4) plaintiff's nuisance claim is also barred by California *Civil Code* § 3482, and (5) plaintiff lacks standing to bring any of the claims asserted in the Complaint.

The motion will be based on this Notice, on the accompanying Memorandum of Points and Authorities, on the accompanying Request for Judicial Notice and the exhibits appended thereto, on the Court's file in this matter, and on any other matters the Court may consider at the hearing thereof.

DATED: August 1, 2016                                  VARNER & BRANDT LLP

By: */s/ Brendan W. Brandt*
    Brendan W. Brandt
    Angelica A. Samaniego
    Attorneys for Defendant,
    BISCOMERICA CORPORATION

**MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

Pages

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ALLEGATIONS OF THE COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. ADDITIONAL RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. THE COURT SHOULD GRANT THE MOTION TO DISMISS THE COMPLAINT
WITHOUT LEAVE TO AMEND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A. Standard of Decision on Motions to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B. Federal Preemption and Conflict Prevention Bar Plaintiff's Claims. . . . . . . . . . . 6

    C. Plaintiff Has Not Stated a Nuisance Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    D. Plaintiff Lacks Standing To Pursue the Claims Alleged in the Complaint. . . . . 10

V. CONCLUSION ................................................................................................. 11

# TABLE OF AUTHORITIES

Cases                                                                                                   Page

*Ashcroft v. Iqbal,*
556 U.S. 662, 668 (2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Avedon v. State*
186 Cal.App.4th 1336 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Backus v. ConAgra, Inc.* , (2016 WL 3844331).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Backus v. Nestle USA, Inc.*, (2016 WL 879673). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Bell Atlantic Corp v. Twombly*,
550 U.S. 544, 570 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Carrico v. City and County of San Francisco*,
656 F.3d 1002, 1008 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.*,
20 Cal.4th 163, 182 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Grier v. American Honda Motor Co.*,
529 U.S. 861, 881-82 (2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Guttmann v. Nissan Foods, Inc.,*(2015 WL 4309427).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re American Continental Corp./Lincoln Sav & Loan Securities Litig.*,
102 F.3d 124, 1537 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lee v. City of Los Angeles*
250 F.3d 668, 688-89 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Preminger v. Peake,*
552 F.3d 757 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lujan v. Defenders of Wildlife*,
504 U. S. 555, 560 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Schmier v. US Court of Appeals for 9th Circuit*,
279 F.3d 817, 821 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Simpson v. California Pizza Kitchen,*
989 F.Supp.2d 1015, 1025 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stengel v. Meditronic, Inc.*,
704 F.3d 1224, 1227 (9th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ting v. AT&T*,
319 F.3d 1126, 1136 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

| Federal Statutes: | Page |
|---|---|
| 21 U. S. C. section 301. | 1 |
| 21 U.S.C. section 342(a)(1)(2)(C)(i). | 7 |
| 21 U.S.C. section 348. | 5, 7 |

| Federal Rules and Regulations: | Page |
|---|---|
| 80 Fed. Reg. 34650, *et seq* (June 15, 2015). | 2, 5, 7 |
| Federal *Rules of Civil Procedure*, Rule 12(b)(6). | 6 |
| Federal *Rules of Evidence*, Rule 201. | 6 |

| Federal Acts: | Page |
|---|---|
| Consolidated Appropriations Act for 2016. | 7 |

| State Statutes: | Page |
|---|---|
| California *Business & Professions Code*, section 17200, *et seq*. | 2 |
| California *Civil Code* sections 3479 - 93. | 3, 5, 11 |
| California *Health & Safety Code* section 110100. | 3 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

This case is at least the fifth substantially identical action brought by serial plaintiff Troy Backus in the Northern District of California against a maker of food products based on the defendant's allegedly illegal use of partially hydrogenated oils ("PHOs"), which contain artificial trans fat ("TF"). As in the other cases, plaintiff's claims herein lack merit and should be dismissed, because plaintiff is wrongly seeking to impose liability on defendant for alleged violations of California law based on conduct that the federal Food and Drug Administration has approved, as it has expressly allowed PHOs to be used in foods up until June 18, 2018.

The Court should find, as have the other judicial officers who have considered plaintiff's claims against other defendants, that plaintiff's allegations do not show any violation of federal laws or regulations by defendant, that plaintiff's state law claims, whether under the Unfair Competition statute or the nuisance statutes, are preempted by federal law, that plaintiff has failed to allege the required elements of his claim for nuisance, and that plaintiff further lacks standing to proceed because he has not alleged a concrete injury. Defendant therefore asks the Court to grant the instant motion and dismiss plaintiff's Complaint, without leave to amend.

## II

## ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that plaintiff, Troy Backus, is a consumer who has purchased and consumed cookies made by defendant Biscomerica. (Complaint, ¶¶ 9, 12, 65-67 (references hereinafter are to the Complaint).) Plaintiff alleges that the cookies made by defendant contain PHOs which plaintiff further alleges are unsafe and pose a health risk to consumers because the PHOs contain TF, a "toxic carcinogen." (¶¶ 4-6.)

The Complaint alleges that the federal Food and Drug Administration issued a "Final Determination" on June 17, 2015, that PHOs are unsafe. The effect of this determination, plaintiff alleges, is that any foods that contain PHOs are "unlawful and adulterated." (¶ 7.) After the FDA's final determination of June 17, 2015, defendant Biscomerica continued to make and

market cookies containing PHOs, although commercially affordable and reasonable alternative ingredients existed.  (¶ 8.)

The Complaint contains lengthy allegations about the origin, nature and manufacture of TFs and PHOs.  (¶¶ 13-16.)  It alleges that there is a scientific consensus that TFs are harmful to humans (¶¶ 17-23) and cause cardiovascular disease.  ( ¶¶ 23-35.)  Plaintiff further alleges that consumption of TF causes Type II diabetes (¶¶ 36-41), various types of cancer (¶¶ 42-47), Alzheimer's disease and cognitive decline (¶¶ 48-54) and organ damage (¶ 55.)

The Complaint further alleges that TFs and PHOs are or will be banned in California and various other American and European jurisdictions.  (¶¶ 56-62.)  It then contradicts the prior allegation, found at paragraph 7, about the effect of the FDA's determination of June 17, 2015, alleging, at paragraphs 62 and 63, that the FDA's determination was actually that PHOs are not "generally recognized as safe" ("GRAS") (as opposed to the prior allegation that PHOs are harmful) and that the FDA will not require foodmakers to discontinue the use of PHOs until 2018.  (See 80 Fed. Reg. 34650, et seq.)

The Complaint alleges that pursuant to California's Unfair Competition statutes, found at *Business & Professions Code* § 17200, *et seq.*, defendant's use of PHOs in cookies is "unfair"(¶¶ 71-76) and "unlawful" (¶¶ 77-84.)  Plaintiff further alleges that he suffered financial loss and physical injury by purchasing and consuming cookies made by defendant.  (¶¶ 85-94.)  However, plaintiff does not allege that he developed any symptoms of illness or required medical treatment, but merely that "consuming artificial trans fat in any quantity, including the quantity he actually consumed, inflames and damages vital organs and substantially increases the risks of heart disease, diabetes, cancer, and death."  (¶ 89.)

The Complaint alleges that plaintiff did not discover defendant's allegedly unlawful behavior until "last year" (¶¶ 95-96).  It alleges that plaintiff is a representative member of a nationwide class of thousands of persons who purchased and consumed cookies made by defendant and that common questions of law and fact exist as to the relief that all members of the class should received.  (¶¶ 97-106.)

///

1    Finally, the Complaint alleges four causes of action against defendants.  The First Cause of Action is for violation of the "unlawful prong" of California's Unfair Competition law.  It alleges that defendant engaged in "unlawful, unfair or fraudulent" business acts or practices by making and marketing cookies containing PHOs, in violation of the FDCA because the cookies were adulterated.  (¶¶ 107-112.)  It further alleges that defendants violated California's Sherman Food, Drug and Cosmetics law, found at *Health & Safety Code* § 110100, by making and selling adulterated products.  (¶¶ 113-114.)  Plaintiff seeks injunctive and restitutionary relief.  (¶¶ 119-120.)

The Second Cause of Action is for violation of the "unfair prong" of the state Unfair Competition law.  Its allegations mirror those of the First Cause of Action, and seek the same relief, for defendant's allegedly unfair business practice of selling adulterated cookies.  (¶¶ 121-127.)

The Third Cause of Action is for public nuisance in violation of California *Civil Code* §§ 3479-3493.)  It alleges that defendant created a public nuisance by selling cookies with TF to the public, and seeks injunctive relief.  (¶¶ 128-135.)

The Fourth Cause of Action, for breach of the implied warranty of merchantability, seeks damages for defendant's alleged sales to plaintiff and other members of the public of cookies that are not fit for human consumption.  (¶¶ 136-141.)

## III

## ADDITIONAL RELEVANT FACTS

Plaintiff Backus has filed four other substantially similar class action lawsuits in the Northern District of California against the makers of various food products.  Each lawsuit alleges that the defendants therein used PHOs that contain TF in various products that plaintiff consumed.  (See defendant's Request for Judicial Notice ("RJN") filed concurrently herewith.)

In a slip opinion dated July 15, 2016 (a Monday, three days after the filing of the instant action on Friday, July 12, 2016), in the case of *Backus v. ConAgra, Inc.*, (Case No. 3:16-cv-00454-WHA), Judge William Alsup noted:

///

> "This is not Backus's first foray into litigation regarding artificial trans-fat. Backus has filed three prior lawsuits regarding artificial trans-fat and food labeling. *Backus v. General Mills, Inc.*, No. 15-1964 (N.D. Cal. Aug. 18, 2015) (Judge Thelton Henderson); *Backus v. H.J. Heinz Co.*, No. 15-2738 (N.D. Cal. Oct. 16, 2015) (Judge William Orrick) (voluntarily dismissed with prejudice), *Backus v. Nestle USA, Inc.*, No. 15-1963 (N.D. Cal. Mar. 8, 2016) (Judge Maxine Chesney) (pending appeal)."

(RJN, Exh. 1, Opinion in *Backus v. ConAgra Foods, Inc.* 2016 WL 3844331, at 1.)

Judge Alsup further noted that in the *Nestle* case, Judge Chesney's order dismissing plaintiff's First Amended Complaint without leave to amend thoroughly analyzed, and disposed of, Backus's claims based on alleged violations of California's Unfair Competition statute:

> "In a prior lawsuit filed by Backus against Nestle for similar trans-fat labeling and use claims, Judge Maxine Chesney fully examined the issue of conflict preemption and ultimately agreed with Nestle's argument that conflict preemption barred Backus's use claims. *Backus v. Nestle USA, Inc.*, No. 15-1963, 2016 WL 879673, at 3 (N.D. Cal. Mar. 8, 2016). There, Judge Chesney found that the use claims challenging Nestle's past and current inclusion of partially-hydrogenated oils in its products "effectively negate[d]" the FDA's order setting a compliance date in 2018. Backus's use claims against Nestle therefore stood as an obstacle to the accomplishment and execution of the full purposes and objectives of the FDA in adopting that order. Id. at 4."

(RJN, Exh. 1, at 3.)

In the *ConAgra* case, Judge Alsup granted defendant's motion to dismiss Backus's complaint, except for a false advertising claim that Backus has not asserted against Biscomerica in the instant case. Judge Alsup did not outright reject the arguments of ConAgra that Backus did not have standing to pursue the claim, but instead permitted defendant to conduct limited discovery, including requiring Backus to execute a declaration regarding his purchase of the products, respond to a limited demand for production of documents relating to same, and to submit to a half-day deposition, by August 4, 2016. Judge Alsup's order required the parties to submit further briefing on the issue by noon on August 10, 2016. ( RJN, Exh. 1, at 7.)

Judge Chesney's decision in the *Nestle* case, found at --- F.Supp.3d ----, 2016 WL 879673 at p. 3, (RJN, Exh. 2), noted that:

> "On June 17, 2015, the FDA published a final determination and declaratory order, finding "there is no longer a consensus among qualified experts" that PHOs "are generally recognized as safe

>(GRAS) for any use in human food," see Final Determination Regarding Partially Hydrogenated Oils (hereinafter, 'Final Determination'), 80 Fed. Reg. 34650-01, 34650 (June 17, 2015), and, as a result, 'are food additives subject to section 409' of the FDCA (21 U.S.C. § 348), id. By said order, the FDA 'require[d] discontinuation of the use of these additives,' id. at 34656, 'encourage[d] submission of scientific evidence as part of food additive petitions under section 409' for 'one or more specific uses of PHOs," id. at 35653, and set a "compliance date' of June 18, 2018, 'to allow time for such petitions and their review,' id.2 The FDA also identified therein a number of other considerations and found a three-year compliance period would have 'the additional benefit' of: (1) providing small businesses with time to address 'difficulties ... due to limited research and development resources and potential challenges to gain timely access to suitable alternatives'; (2) 'minimizing market disruptions by providing industry sufficient time to identify suitable replacement ingredients for PHOs, to exhaust existing product inventories, and to reformulate and modify labeling of affected products'; and (3) providing time 'for the growing, harvesting, and processing of new varieties of edible oilseeds to meet the expected demands for alternative oil products and to address the supply chain issues associated with transition to new oils.' Id. at 34668-69."

Judge Chesney's decision granted Nestle's motion to dismiss Backus's entire action without leave to amend. (RJN, Exh. 2, at 8.)

Plaintiff's counsel herein, The Weston Firm, has filed similar actions on behalf of other individuals in the Northern District apart from the lawsuits filed on behalf of plaintiff Backus. In *Guttmann v. Nissin Foods, Inc.,* the plaintiff alleged a public nuisance claim pursuant to California *Civil Code* § 3479, *et seq*., as plaintiff Backus has herein. That case was also before Judge Alsup. In partially granting defendant's motion to dismiss, Judge Alsup dismissed the public nuisance claim without leave to amend, noting that:

>"Guttmann argues that Nissin's use of artificial trans-fat in its noodle products interfered with the public's 'right to a safe food supply' and that he has suffered a special injury in the form of alleged health risks associated with consumption of those noodles.
>\*\*\*
>There is no allegation that Guttmann suffered a specific personal injury that is different in kind from the increased risk of harm allegedly suffered by all consumers of Nissin's noodles. Accordingly, Guttmann's public nuisance claim is Dismissed."

(RJN, Exh. 3, 2015 WL 4309427 Slip opn. at 5, 6, (not reported in F.Supp.3d.).)

///

///

**MOTION TO DISMISS COMPLAINT**
5

# IV

# THE COURT SHOULD GRANT THE MOTION TO DISMISS
# THE COMPLAINT WITHOUT LEAVE TO AMEND

Plaintiff's Complaint in this case is a recycled version of claims that other judicial officers in the Northern District have already rejected. There is no reason for the Court to reach a different conclusion here, as plaintiff's causes of action fail to state a claim on which relief can be granted. Each of plaintiff's four causes of action is barred by the doctrines of conflict prevention and federal preemption. The Third Cause of Action is also barred because it fails to state a cognizable claim for public nuisance. Additionally, even if plaintiff's claims were not otherwise barred, plaintiff also lacks standing to pursue the Complaint because he has failed to allege facts that demonstrate a concrete injury. The Court should grant the motion and dismiss the Complaint without leave to amend.

### A.  Standard Of Decision On Motions To Dismiss

In considering a motion to dismiss brought pursuant to FRCP 12(b)(6), for failure to state a claim upon which relief can be granted, a court typically considers only the complaint, but also may consider materials outside the pleadings, including matters of which judicial notice is proper pursuant to Rule 201 of the Federal *Rules of Evidence*. (*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); In *re American Continental Corp./Lincoln Sav. & Loan Securities Litig.*, 102 F.3d 1524, 1537 (9th Cir.1996); *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir.2001). While factual allegations in a complaint must be accepted as true for the purposes of the motion, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*,  556 U. S. 662, 668 (2009);  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007).) Although a court granting a motion to dismiss should usually liberally grant leave to amend, it is not required to do so when the facts show that granting leave to amend would be futile. (*Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir., 2011.)

### B.  Federal Preemption And Conflict Prevention Bar Plaintiff's Claims

The party who asserts a state law is preempted bears the burden of demonstrating such

preemption. (*Stengel v. Medtronic, Inc.*, 704 F.3d 1224, 1227 (9th Cir.2013.)  However, such preemption, also known as conflict preemption, applies where "compliance with both federal and state regulations is a physical impossibility" or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (*Ting v. AT & T,* 319 F.3d 1126, 1136 (9th Cir.2003).)

For example, in *Grier v. American Honda Motor Co.*, 529 U.S. 861, 881-82 (2000) the Supreme Court ruled that a plaintiff could not proceed on a claim that the defendant had violated a state law requiring installation of passive restraint systems in all new vehicles when the governing federal regulations required only that passive restraints be installed in some new vehicles.  Similarly here, even if California law made defendant's production and marketing of cookies containing PHOs illegal (it does not), the fact that the governing federal regulations expressly allow the use of PHOs in foods until June 18, 2018, bars plaintiff's action to the extent it is based on the allegation that use of PHOs violates state law.

Thus, not only did the final determination (the "Final Determination") the FDA promulgated on June 17, 2015, expressly allow food makers such as defendant to use PHOs until June 18, 2018, Congress and the President both ratified the FDA's decision when, on December 18, 2015, the President signed the Consolidated Appropriations Act for 2016 (the "Appropriations Act"), on December 18, 2015.  At Section 754, said Appropriations Act provided:

> "No partially hydrogenated oils as defined in the order published by the Food and Drug Administration in the Federal Register on June 17, 2015 (80 Fed. Reg. 34650 et seq. [Final Determination] ) shall be deemed unsafe within the meaning of section 409(a) [21 U.S.C. § 348(a)] and no food that is introduced or delivered for introduction into interstate commerce that bears or contains a partially hydrogenated oil shall be deemed adulterated under sections 402(a)(1) [21 U.S.C. § 342(a)(1)] or 402(a)(2)(C)(i) [21 U.S.C. § 342(a)(2)(C)(i)] by virtue of bearing or containing a partially hydrogenated oil until the compliance date as specified in such order (June 18, 2018)."

Plaintiff's Complaint repeatedly alleges that the cookies made and sold by defendant are "adulterated" under the FDCA because they contain PHOs and that the sale of such "adulterated" violates the FDCA and, as a result, triggers plaintiff's First, Second and Fourth causes of action

for violation of California's Unfair Competition laws and breach of the implied warranty of merchantability. However, the FDA's Final Determination and the Appropriations Act establish conclusively that the cookies made by defendant are <u>not</u> "adulterated" by virtue of containing PHOs. To allow plaintiff to proceed with those causes of action would render the three-year compliance period in the Final Determination a nullity because it would punish defendant under state law for doing what is legal under federal law.[1] Defendant would not even potentially be in violation of the FDCA by virtue of using PHOs in its cookies until after the compliance date of June 18, 2018.[2] Plaintiff's First, Second and Fourth causes of action therefore must be dismissed to the extent they are predicated on a contention that defendant has violated the FDCA, because the governing federal law and regulations specifically provides otherwise.[3]

Plaintiff's First, Second and Fourth causes of action also fail because of California's "safe harbor" doctrine, which is similar to the doctrine of federal preemption. Further, even if federal law did not expressly preempt plaintiff's claims, California's "safe harbor" doctrine prevents them from going forward. The "safe harbor" doctrine is an exemption to California's Unfair Competition statute that prevents a plaintiff from suing under the statute for conduct that is protected by another statute or regulation. (*Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular*

---

[1] Defendant does not concede that its use of PHOs renders the cookies made therewith "adulterated" in any event. California has not purported to make PHO use generally illegal, but has only, as the Complaint admits, restricted their use in certain circumstances, such as limiting them to one-half gram per serving in restaurants and schools. See Complaint, ¶ 56.

[2] The FDA's Final Determination permits makers of food products to petition for permission to use PHOs after June 18, 2018.

[3] In a letter before this action was filed, defense counsel notified plaintiff's counsel that Biscomerica intended to cease using PHOs in its products beginning in August, 2016. Despite this notification (or perhaps because of it) plaintiff filed this action on July 12, 2016.

*Tele. Co.*, 20 Cal.4th 163, 182, 83 Cal.Rptr.2d 548 (1999).)   Because the FDA has permitted certain conduct -- the use of PHOs in food -- plaintiff cannot "plead around" that permission by suing for breach of the Unfair Competition statutes. (*Id*.)  Thus, the "safe harbor" doctrine negates plaintiff's First, Second and Fourth causes of action, which are explicitly based on allegations that defendant has violated California's Unfair Competition laws.

### C. Plaintiff Has Not Stated A Nuisance Claim

Plaintiff's nuisance cause of action, brought under *Civil Code* §§ 3479-93, fails for a number of reasons.  First, under the authority cited above, it is apparent that the nuisance claim is nothing more than an artful attempt to plead around the doctrines of federal preemption and safe harbor by recasting plaintiff's claim as one for public nuisance.  The predicate acts for the creation of the alleged public nuisance are, plaintiff alleges, the sale of cookies contaminated with "illegal" TFs. Plaintiff alleges that the sale of these cookies has damaged the public interest in having safe, uncontaminated foods to purchase and seeks an injunction against further sale of the cookies.  (Complaint, ¶¶ 130-35.)

As shown above, defendant's cookies containing PHOs may not be considered contaminated because the FDA (and Congress) have expressly determined that foods containing PHOs may not be deemed "adulterated" until after the compliance date of June 18, 2018.  The injunction plaintiff seeks barring defendant from using PHOs in cookies before June 18, 2018, would conflict with federal law because it would have the effect of overriding the explicit permission to use PHOs that was granted in the Final Determination and the Appropriations Act.

Further, although the Complaint generally cites California *Civil Code* §§ 3479-91, which set forth the nuisance law of the state, its allegations ignore *Civil Code* § 3482, which states that "[n]othing which is done or maintained under the express authority of a statute can be deemed a nuisance."  As shown above, defendant's use of PHOs in cookies is maintained pursuant to the express authority of both the FDCA (through the Final Determination by the FDA of the powers granted to it thereunder) and the Appropriations Act, which therefore bars plaintiff's nuisance claim. (*See Avedon v. State*, 186 Cal.App.4th 1336, 113 Cal.Rptr.3d 578 (2010) (nuisance claim related to condition of state park barred by statutory authority for state department to develop and

1  operate parks).)  Defendant cannot therefore be enjoined or found to have created a nuisance as a result of its use of PHOs.

Moreover, plaintiff has not alleged any injury, either to himself or others, resulting from defendant's use of PHOs, except in vague, general and conclusory terms.  Plaintiff's allegations of injuries that he suffered from consuming the PHOs used in cookies made by defendant do not differ from his allegations of the injuries suffered by others.  In order to state a claim for public nuisance, plaintiff must allege facts that show he suffered harm different in kind, not just in degree, from the injuries suffered by others due to the acts of defendant.  (See *Simpson v. California Pizza Kitchen, Inc.*, 989 F.Supp.2d 1015, 1025 (S.D. Cal. 2013).)[4]  The lack of any such allegations in the Complaint also is fatal to plaintiff's nuisance cause of action, which should be dismissed.

D. **Plaintiff Lacks Standing To Pursue The Claims Alleged In The Complaint**

For a case to be justiciable in federal court, a plaintiff must have standing to assert the claims stated in his or her complaint.  In order to have standing, a plaintiff must allege, inter alia, that he or she has suffered or will suffer an injury that is "(a) 'concrete and particularized'; and (b) 'actual and imminent,' not 'conjectural' or 'hypothetical.'"  (See *Preminger v. Peake,* 552 F.3d 757, 763 (9th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).)

Here, plaintiff has not alleged any concrete or particularized injury that he has suffered or will suffer from consuming the cookies made by defendant.  Plaintiff has alleged to have suffered physical injuries, based on the allegation that consumption of any amount of PHOs can increase the risks of diseases such as cancer and heart disease.  However, plaintiff has not alleged that he has any of these diseases, but merely that consumption of PHOs increases the risk that he may develop them at some time in the future.  Plaintiff further has not alleged how many of the cookies made by defendant he has consumed nor over what period of time, and thus provides no

///

---

[4] *Simpson* was another case brought by the firm that represents plaintiff herein alleging harm from the use of PHOs in food.

information as to whether his purported increased risk of disease from consuming PHOs is infinitesimal or substantial.

Plaintiff thus has not alleged a concrete injury, nor a substantial risk of impending harm, and therefore has not properly alleged standing to assert any of the claims in the Complaint.  (See *Schmier v. U.S. Court of Appeals for 9th Circuit*, 279 F.3d 817, 821 (9th Cir.2002).

Plaintiff has also not properly alleged standing based on any claim of economic injury from having purchased the subject cookies.  While plaintiff does allege that he "lost money" by purchasing cookies with a value of $0 (Complaint, ¶¶ 91, 94), those allegations are based on the contention that they were adulterated because they contained PHOs.  Defendant has already shown that contention to lack any merit because federal law explicitly provides that a product may not be considered if, up to June 18, 2018, it contains PHOs.  Plaintiff has not alleged that the subject cookies were defective in any other respect than containing PHOs.  Plaintiff has not alleged that, absent PHOs, he did not get the benefit of his bargain in purchasing the subject cookies.  As a result, plaintiff has not alleged the economic injury prong of standing, and should be found not to have standing to assert any of the four causes of action in the Complaint.

# V

# CONCLUSION

The Court should dismiss plaintiff's Complaint in its entirety, pursuant to FRCP 12(b)(6), because it fails to state a claim upon which relief can be granted.  Plaintiff's claims are based on a nonexistent foundation: the allegation that the subject cookies were "adulterated" because they contain PHOs.  The FDA and Congress have both expressly allowed the use of PHOs in foods until June 18, 2018.  Federal preemption prevents plaintiff from trying to avoid the express permission granted for the use of PHOs by recasting his claim as one for violation of state law, which is fatal to plaintiff's claims under the Unfair Competition statutes.  Plaintiff has also not alleged the required elements of his nuisance cause of action, which in any event is barred by California *Civil Code* § 3482.  Further, plaintiff does not have standing to assert any of the claims in the Complaint, as he has not alleged any concrete physical or economic injury.  Because of these multiple deficiencies, which defendant submits cannot be cured by any amendment,

defendant asks that the Court grant the within motion and dismiss plaintiff's Complaint, without leave to amend.

DATED: August 1, 2016              VARNER & BRANDT LLP


By: */s/ Brendan W. Brandt*
    Brendan W. Brandt
    Angelica A. Samaniego
    Attorneys for Defendant,
    BISCOMERICA CORPORATION

**AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE**
**STATER OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3750 University Avenue, Suite 610, Riverside, California 92501.

On the below date, I electronically filed the **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** with the Clerk of the United States District Court for the Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System under the above referenced case caption and number on this date in the following manner:

**BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM**

1. In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) below, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF System.

2. Pursuant to F.R.Civ.P.5 and/or controlling LBR, on August 1, 2016, I served the following persons and/or entities by overnight mail service as follows. Listing the judge here constitutes a declaration that overnight mail to the judge will be completed no later than 24 hours after the document is filed.

Honorable Haywood S. Gilliam, Jr.
U.S.D.C. - Northern District
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, California 94102
Email: for Proposed Orders
HSGpo@cand.uscourts.gov

David Elliot
The Weston Firm
1405 Morena Boulevard, Suite 201
San Diego, California 92110
email: david@westonfirm.com

Gregory Weston
The Weston Firm
1405 Morena Boulevard, Suite 201
San Diego, California 92110
email: greg@westonfirm.com

[X] **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 2, 2016, at Riverside, California.

*/s/ Jeanette Ciuevas*
Jeanette Cuevas